UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rajeeyah Wilson, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> Smartfoods, Inc., *et al.*, <br><br> *Defendants*. | No. 24 CV 12814 <br><br> Judge Lindsay C. Jenkins |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Rajeeyah Wilson, Stalin Javier Eusebio, and Eileen Aviles ("Plaintiffs"), on behalf of themselves and a similarly situated class, have filed an amended complaint against Defendants Smartfoods, Inc. and PepsiCo, Inc. (collectively "Defendants"), alleging that two types of Smartfood popcorn are falsely and deceptively marketed. Before the court is Defendants' motion to dismiss Plaintiffs' amended complaint under Federal Rule of Civil Procedure 12(b)(6). [Dkt. 30.][1] For the following reasons, Defendants' motion is denied.

The court assumes the parties' familiarity with the facts of the case, as laid out comprehensively in this court's order dismissing, in part, Plaintiffs' original complaint. [Dkt. 22.] In short, Plaintiffs purchased Smartfood White Cheddar Popcorn and Smartfood Movie Theater Butter Popcorn. The front of each bag contained the phrases "No Artificial Flavors" and "No Artificial Preservatives." Plaintiffs allege that those representations are false because the products contain maltodextrin, which is both an artificial flavor and artificial preservative.

In its dismissal order, the court largely denied Defendants' motion to dismiss, but dismissed two parts of Plaintiffs' complaint. [*Id.* at 6–16.]

First, the court concluded that Plaintiffs lacked standing to pursue claims relating to Smartfood Movie Theater Butter Popcorn because none of the Plaintiffs had purchased that variety; each Plaintiff only purchased White Cheddar Popcorn. [*Id.* at 6.] In response, Plaintiffs' amended complaint now includes a plaintiff who purchased Movie Theater Butter Popcorn. [Dkt. 23 ¶ 8.]

Second, the court explained that Plaintiffs' artificial flavor claims are preempted by FDA regulations, which permit artificial flavor enhancers to be used in

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

products that bear a label touting the lack of artificial flavor. [Dkt. 22 at 9–12.] The court reasoned that the complaint failed to explain how maltodextrin functions as a flavor, and not just a flavor enhancer. [*Id.* at 11.] To sustain their artificial flavor claims, the court concluded, Plaintiffs must "explain how maltodextrin creates, simulates, and/or reinforces the popcorn's white cheddar flavor." [*Id.*]

In response, Plaintiffs' amended complaint adds the following paragraph:

Maltodextrin in both the Smartfood White Cheddar and Movie Theater Butter popcorns serves as a flavor by imparting a mild sweet taste that actively creates the popcorn's full flavor profile of White Cheddar and Movie Theater Butter, rather than merely enhancing existing flavors. In Smartfood White Cheddar Popcorn, maltodextrin's subtle sweetness and ability to modify mouthfeel create a creamy, savory white cheddar taste by blending with its cheddar cheese, buttermilk and natural flavor ingredients, directly simulating the expected flavor. Similarly, in Movie Theater Butter Popcorn, maltodextrin's role in delivering a rich, buttery taste involves adding a sweet undertone and consistent coating, and again blending with its butter and natural flavor ingredients, which creates the overall flavor rather than just enhancing it. This aligns with industry insights noting maltodextrin's capacity to contribute distinct taste characteristics in processed foods, such as the Products here.

[Dkt. 23 ¶ 21.]

The amended complaint addresses the identified deficiencies. Specifically, the amended complaint alleges that maltodextrin creates "a creamy, savory white cheddar taste by blending with its cheddar cheese, buttermilk and natural flavor ingredients, directly simulating the expected flavor" in White Cheddar Popcorn. [*Id.*] And in Movie Theater Butter Popcorn, maltodextrin delivers "a rich, buttery taste" by adding "a sweet undertone and consistent coating, and again blending with its butter and natural flavor ingredients, which creates the overall flavor rather than enhancing it." [*Id.*]

Defendants split hairs in their arguments in response. They contend that Plaintiffs' use of words like "mild," "subtle," "sweet undertone," and "blends" shows that maltodextrin functions only as a flavor enhancer. [Dkt. 30-1 at 12.] They also argue that Plaintiffs' claims are preempted because Plaintiffs allege, at best, that maltodextrin acts as a "sugar alternative," which is not an independent flavor. [*Id.* at 15.] These arguments may or may not prevail in the end, but at the motion to dismiss stage, the allegations suffice.

      Defendants' motion to dismiss Plaintiffs' amended complaint [dkt. 30] is denied. The request for judicial notice is denied as moot. [Dkt. 30-2.]

Enter: 24-CV-12814
Date: August 29, 2025

_____
Lindsay C. Jenkins
United States District Court Judge